UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JESSE ANGEVINE,

                                             *Plaintiff*,        **ANSWER**

       -against-                                 **Jury Trial Demanded**

C.O. NATHAN HATFIELD, et al.,               22-CV-247

                                         *Defendants*.        MAD/ML

---

       Defendants Nathan Hatfield, Christopher Seymour, Ricky Reynolds, Joseph Costello, and Bradley Vuillemot, by their attorney, Letitia James, Attorney General of the State of New York, Jonathan S. Reiner, Assistant Attorney General, of counsel, answer the First Amended Complaint ("FAC") as follows:

       1.      Deny each and every allegation contained in the FAC that alleges or tends to allege that the challenged actions of the defendant were in any way contrary to constitutional, statutory, regulatory, or case law and deny that plaintiff is entitled to the relief he seeks in his prayer for relief.

       2.      Admit the allegations contained in paragraph 1, 2, 3, 4, 7, 10, 13, 16, and 36 of the FAC.

       3.      The allegations contained in paragraphs 5, 6, 8, 9, 11, 12, 14, 15, 17, 18, and 28 of the FAC are statements of law and/or call for a legal conclusion and, therefore, no response is required. To the extent a response is required, deny the allegations contained therein and refer all questions of law to the Court.

4. Paragraph 19 of the FAC constitutes a statement of jurisdiction and venue, to which no response is required. To the extent that the Court requires a response, deny that defendants have violated plaintiff's rights in any way and refer all questions of law to the Court.

5. As to the allegations set forth in paragraphs 20 and 48 of the FAC, Defendants repeat and reallege each of the foregoing answers allegations as if fully set forth herein.

6. As to the allegation of paragraph 21 of the FAC, admit that Defendant Hatfield explained to Plaintiff incarcerated individuals could only have one carton of milk with breakfast, and deny the characterization as a "verbal argument."

7. Deny the allegations contained in paragraphs 22, 24, 25, 26, 29, 30, 31, 32, 33, 34, 35, 37, 38, 39, 40, 42, 43, 44, 45, 46, 47, 49, and 50 of the FAC.

8. As to the allegations of paragraph 23 of the FAC, admit that Defendant Hatfield escorted Plaintiff to the sallyport entrance of the dining hall, otherwise deny.

9. As to the allegations of paragraph 27 of the FAC, admit that Defendant Seymour was present while Defendant Hatfield frisked Plaintiff, deny the remainder of the allegations and characterizations of the conduct.

10. As to the allegations of paragraph 41 of the FAC, admit that Defendant Hatfield was present in the draft area, otherwise deny.

11. The demand in the Wherefore paragraph does not require a response. To the extent that a response is required, deny Plaintiff is entitled to recover.

12. Deny any allegation of the FAC not specifically responded to above.

## Defenses

13. The FAC fails to state a claim upon which relief can be granted.

14. At all relevant times Defendants Nathan Hatfield, Christopher Seymour, Ricky Reynolds, Joseph Costello, and Bradley Vuillemot acted under the reasonable belief that their conduct was in accordance with clearly established law. They are, therefore, protected under the doctrine of qualified immunity.

15. The FAC is barred, at least in part, under principles of res judicata and collateral estoppel.

16. Defendants Nathan Hatfield, Christopher Seymour, Ricky Reynolds, Joseph Costello, and Bradley Vuillemot are not personally involved in the alleged constitutional or statutory violations, and they are therefore not liable under 42 U.S.C. § 1983.

17. To the extent this action is brought for mental or emotional injury, plaintiff is barred from proceeding without a prior showing of physical injury.

18. Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending. Pursuant to section 807 of the Prison Litigation Reform Act of 1995, any compensatory damages to be awarded plaintiff herein shall be paid directly to satisfy any such outstanding orders until paid in full. Therefore, plaintiff is or may not be entitled to any payment herein.

19. Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes. Pursuant to section 808 of the Prison Reform Act of 1995, prior to payment of any compensatory damages to plaintiff, reasonable efforts shall be made to notify the victims of the crime for which plaintiff was convicted and incarcerated. Upon information and belief, plaintiff must be compelled to cooperate in the notification of his victims prior to payment of any judgment herein, or he should be barred from recovery.

20. Defendants Nathan Hatfield, Christopher Seymour, Ricky Reynolds, Joseph Costello, and Bradley Vuillemot hereby demand a trial by jury.

WHEREFORE, Defendants Nathan Hatfield, Christopher Seymour, Ricky Reynolds, Joseph Costello, and Bradley Vuillemot respectfully ask that this Court deny the relief requested, dismiss the complaint, and grant such other relief as to the Court shall seem is just and equitable.

Dated: Albany, New York
April 27, 2022

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224

By: s/ Jonathan S. Reiner
Jonathan S. Reiner
Assistant Attorney General, of Counsel
Bar Roll No.   702645
Telephone:    (518) 776-2641
Fax: (518) 915-7740 (not for service of papers)
Email: jonathan.reiner@ag.ny.gov

TO:  Edward Sivin, Esq.
SIVIN & MILLER, LLP
20 Vesey Street
Suite 1400
New York, NY  10007